UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COMSYS, INC. and<br>KATHRYNE L. MCAULIFFE,<br><br>                    Plaintiffs,<br><br>v.<br><br>THE CITY OF KENOSHA WISCONSIN,<br>THE CITY OF KENOSHA WATER UTILITY,<br>FRANK PACETTI, EDWARD ST. PETER,<br>MERRIL A. KERKMAN, JR.,<br>KEITH G. BOSMAN, ERIC J. HAUGAARD,<br>RHONDA JENKINS, JAN MICHALSKI,<br>ROCCO L. LaMACCHIA, SR., DAVE PAFF,<br>KURT WICKLUND, KEITH W. ROSENBERG,<br>ANTHONY KENNEDY, SCOTT N. GORDON,<br>CURT WILSON, DANIEL L. PROZANSKI,<br>JR., JACK ROSE and ROBERT C. JOHNSON,<br><br>                    Defendants. | Case No. 16-CV-655-JPS<br><br><br><br><br><br>**ORDER** |

On January 10, 2017, the parties filed a stipulation for entry of a protective order. (Docket #46). The parties request that the Court enter a protective order so that the parties may avoid the public disclosure of confidential information and documents. *Id.* Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir.

1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999)).

The parties have requested the protective order in this case in good faith. The parties state that their discovery exchanges will include confidential records for the plaintiff's business, the plaintiff's medical records, and municipal records containing confidential personal information. (Docket #46 at 1-2). The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that two slight changes are necessary to maintain compliance with the above-cited precedent. First, the proposed order requires sealing, in whole or in part, of all confidential documents. This

Page 2 of 7

Case 2:16-cv-00655-JPS    Filed 01/11/17    Page 2 of 7    Document 47

departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r, L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph 10. Second, consistent with the Court's and this district's standard practice, the Court will allow members of the public to challenge the confidentiality of documents filed in this case. *See supra* Paragraph 11.

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Because the parties' proposed protective order adequately complies with the standards set forth above (after the Court's minor changes), the Court will enter an order based on the parties' stipulation and proposed order to the Court.

Accordingly,

Based on the stipulation of the parties (Docket #46) and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery,

answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

1. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides materials may designate them as "CONFIDENTIAL" only when such person/entity in good faith believes it contains nonpublic financial, personal, or business information.

2. The following types of information may be designated confidential: documents containing information about plaintiffs' finances and medical records and the finances and medical records of Plaintiffs' principals and Plaintiffs' and municipal employment records containing personal employment information, provided that any document which the producing party has made available on a non-confidential basis to any other person or entity, or which has otherwise been procured by such person or entity on a non-confidential basis, shall not be considered or designated confidential.

3. Any person or entity that produces documents in this lawsuit shall have the right to designate such documents confidential. Any documents designated confidential, and any use of such documents, shall be subject to the terms and conditions of this Order.

4. Except for documents produced for inspection at the party's facilities or documents to be produced by third parties, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced at a party's facilities or by third parties for inspection as

previously described in this paragraph, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality based on the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

     5.     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

     6.     Information or documents designated as confidential under this rule must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 7 below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed.

     7.     The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

          a.     Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised or, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

b. Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this rule.

d. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

8. Except as provided in paragraph 7, counsel for the parties must keep all documents designated as confidential which are received under this rule secured within their exclusive possession.

9. All copies, duplicate, extracts, summaries or descriptions of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that work does not already appear.

10. To the extent that any answers to interrogatories, transcripts or depositions, responses to requests for admissions, or any other papers filed

or to be filed with the Court reveal or tend to reveal information claimed to be confidential, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

11. A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney's fees and costs attributable to the motion.

12. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this rule must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge